FRANK A. BEYER, Appellant, *v.* HENRY SIGEL, Respondent..

*Sale of perishable property levied upon under an attachment — the one-year Statute of Limitations is applicable to a claim against the sheriff for a loss resulting from his taking back a note and chattel mortgage to secure the purchase money.*

Where perishable property, upon which an attachment has been levied, is sold pursuant to section 656 of the Code of Civil Procedure, and the deputy sheriff conducting the sale accepts for a portion of the property the purchaser's promissory note secured by a chattel mortgage upon the property, and, before the note and mortgage mature, the property is destroyed by fire, an action by the attachment creditor against the sheriff to recover the amount secured by the promissory note and chattel mortgage is governed by section 385 of the Code of Civil Procedure, which provides that "an action against a sheriff or coroner, upon a liability incurred by him, by doing an act in his official capacity, or by the omission of an official duty, except the non-payment of money collected upon an execution," must be brought within one year.

Such an action, if maintainable against the deputy, cannot be maintained against the sheriff upon the theory of money had and received where it is conceded that neither the sheriff nor his deputy ever actually received the portion of the purchase price sought to be recovered.

APPEAL by the plaintiff, Frank A. Beyer, from an order of the County Court of Cattaraugus county, made at a Trial Term thereof, and entered in the office of the clerk of the county of Cattaraugus on the 25th day of June, 1901, setting aside the verdict of a jury in favor of the plaintiff, and granting a new trial of the action.

*G. W. Cole,* for the appellant..

*J. H. Waring,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of THRASHER, County Judge.

ADAMS, P. J., McLENNAN, SPRING, WILLIAMS and HISCOCK, JJ., concurred.

The following is the opinion of THRASHER, County Judge, above referred to :

W. S. THRASHER, County Judge :

Motion for a new trial upon the minutes after a verdict for the plaintiff.

The defendant Sigel, sheriff, by his deputy, Gilberds, levied an attachment upon lumber belonging to Green & Pickard. That attachment was in an action pending in the Supreme Court, and the parties stipulated that an order be made that the property be sold as perishable as provided in section 656 of the Code of Civil Procedure. Such an order was made, and pursuant to its require- ments the sheriff's deputy did sell the property. A portion of it was sold to one George Pickard April 30, 1897, who did not pay cash for it. It remained in the deputy's possession till July 15, 1897, when it was delivered to the purchaser, the deputy taking the purchaser's note on time, secured by a chattel mortgage on the property sold. Before the note and mortgage matured, and on September 18, 1897, the property was destroyed by fire.

The action in which the attachment was issued resulted in a judgment for the plaintiff Beyer August 30, 1898, entitling him to the proceeds of the attached property.

It is conceded that all the money which was ever actually received by the sheriff or his deputy of the purchase price of the attached property was, before the commencement of this action, paid to the plaintiff.

This action was begun April 9, 1900, and in form is an action for money had and received to recover of the sheriff the balance unpaid of the purchase price agreed to be paid by George Pickard, to secure which said note and mortgage was given.

By the pleadings two issues were presented, one a question of fact, that the giving of time to Pickard upon his note and mort- gage was with the assent or by the direction of Beyer, the plaintiff ; and the other a question of law, that the claim was barred by the one-year Statute of Limitations, section 385, Code of Civil Procedure.

The cause was tried at the Cattaraugus County Court in March, 1901, and the jury rendered a verdict for the plaintiff upon the question of fact submitted. The consideration and determination of the legal question was reserved.

Upon the defendant's motion for a new trial the single question is presented whether this cause of action is within the one-year limitation provided by section 385 of the Code of Civil Procedure. No other question is urged upon the argument and no other suggested or discussed.

The statute bars, after one year, " an action against a sheriff or coroner, upon a liability incurred by him, by doing an act in his official capacity, or by the omission of an official duty, except the non-payment of money collected upon an execution."

The verdict has established that the act of the deputy in giving time to Pickard to pay for the property was wholly without authority from Beyer, and it is the plaintiff's contention that the deputy having given this time, he made the matter his own individually, and that he stands in precisely the same relation to the plaintiff as though he had in all respects obeyed the law and the order of the court, and received and kept the proceeds in his hands, now refusing to pay it over, and that in that situation the sheriff could not successfully invoke the statute quoted after the lapse of one year from the time when the plaintiff became entitled to demand and receive the proceeds of the sale.

On the other hand, the defendant contends that his deputy was guilty of a violation of his official duty in selling the property on credit, or rather of an omission of an official duty in not selling it for cash and ultimately paying over the proceeds; and that his liability springs directly from such misfeasance, so that within the plain wording of the law, the action against him is barred after the lapse of one year.

The proper solution of this question depends upon the construction to be given to the section of the Code quoted as applicable to the facts here, it being conceded that the action was not begun within one year from the time when the cause of action accrued.

The defendant Sigel is sought to be made liable as sheriff for the act or omission of his deputy, and he cannot be liable otherwise than by reason of that relation, because personally he had no

knowledge of and no connection with the transaction out of which the cause of action arose, and if he is to be charged, it must be because Gilberds, his deputy, has incurred the liability by doing some act in his official capacity or omitting some official duty.

There can be no question but that such liability was incurred, or that the action could be maintained against Sigel, if seasonably brought; the question is whether the liability springs from the doing of an official act or the omission of an official duty so that the statute is a bar.

If the defendant Sigel had actually received the money, or what is equivalent to it, as perhaps Gilberds did in this case, or if Gilberds personally was defendant, instead of Sigel, I think a different question would be presented, and within the principle discussed and applied in the case of *Elliot* v. *Cronk's Admrs.* (13 Wend. 35) and *Adams* v. *Bowe* (3 Civ. Proc. Rep. 191), an action for money had which would rest upon a contract relation rather than misfeasance or malfeasance of the officer, might be supported and the bar of the statute avoided; but here the situation is not that. The sheriff is not liable for the acts or omissions of his deputy, except such acts or omissions, on which rests the liability, arise out of the relation of sheriff and deputy, and the bar of the statute applies unless the case can be brought within the exception stated in the statute, " the non-payment of money collected upon an execution." The plain language of the exception excludes therefrom the present case; even if it may be said that as between the plaintiff and the sheriff, the sheriff must be held to the same accountability as though Gilberds actually collected the money and refused to pay it over, then the action is not for " the non-payment of money collected upon an execution." There was no execution; the default was before there was any judgment; the liability arose out of a different state of facts, and so far different that it ought not to be held that the sheriff is in the same situation as though money had been collected by his deputy upon an execution. It would mean a virtual repeal of the statute to hold otherwise.

The verdict must be set aside, and a new trial granted.

# Cases